**COMMONWEALTH OF VIRGINIA,**
**Proposed Intervenor-Appellant,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Appellee.**

No. 76–1270.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1976.

Decided Sept. 27, 1976.

---

Henry M. Massie, Jr., Asst. Atty. Gen. of Virginia, Richmond, Va. (Andrew P. Miller, Atty. Gen. of Virginia, Richmond, Va., and Walter A. Marston, Jr., Asst. Atty. Gen. of Virginia, on brief), for Commonwealth of Virginia.

Thomas C. Gordon, Jr., Richmond, Va. (William N. Letson, Pittsburgh, Pa., William R. Jentes, Chicago, Ill., and John S. Battle, Jr., Richmond, Va., on brief), for Westinghouse Electric Corp.

Before HAYNSWORTH, Chief Circuit Judge, BUTZNER, Circuit Judge, and KUNZIG, Judge *.

KUNZIG, Judge:

The Commonwealth of Virginia appeals the district court's denial of Virginia's motion to intervene under Fed.R.Civ.P. 24(a)(2) in a suit by the Virginia Electric & Power Company (VEPCO) against Westinghouse Electric Corporation (Westinghouse). VEPCO's suit against Westinghouse is one of thirteen similar actions brought against Westinghouse, which have been combined and transferred to the Eastern District of Virginia for a coordinated and consolidated proceeding. Because denial of intervention will not impair or impede Virginia's interests, and its interests are adequately represented by the other party to the action (VEPCO), and in the further interest of judicial economy, we find intervention not warranted. The trial judge, in denying Virginia's motion to intervene, acted properly and did not abuse his discretion. We therefore affirm.

VEPCO's dispute with Westinghouse concerns a contract for nuclear fuel supply through 1979 at a fixed price. Westinghouse has tried to disaffirm the contract, calling it "commercially impractical." VEPCO seeks a declaratory injunction, spe-

* United States Court of Claims, sitting by designation.

cific performance, and damages amounting to $522 million. Virginia seeks intervention, alleging that the outcome of the VEPCO-Westinghouse litigation would have direct impact on Virginia citizens, and that the Commonwealth of Virginia should be made a party to assure that the impact would not be harmful.

Rule 24(a)(2) of the Federal Rules of Civil Procedure allows intervention of right when:

> . . . the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Accordingly, Virginia must show first, an interest sufficient to merit intervention; second, that without intervention, its interest may be impaired; and third, that the present litigants do not adequately represent its interest. All three tests must be met if Virginia is to prevail.

The test on review is whether the district judge abused his discretion in denying the motion for intervention.

> The district court is entitled to the full range of reasonable discretion in determining whether these requirements [of Rule 24(a)(2)] have been met. *Rios v. Enterprise Ass'n Steamfitters Local U. # 638 of U. S.,* 520 F.2d 352, 355 (2d Cir. 1975).

Virginia and Westinghouse argue extensively the question of whether Virginia has a sufficient interest in the litigation based on protecting the "general welfare" of its citizens. Since we decide that Virginia has no right to intervene on other grounds, we do not decide here whether Virginia has sufficient interest in the VEPCO-Westinghouse litigation to permit intervention. For purposes of analyzing the second and third requisites of Rule 24(a)(2), we assume that Virginia's interest is adequate.

Virginia must show that "as a practical matter," its interest may be "impaired" or "impeded" by the trial court's failure to allow intervention. Virginia conceded at oral argument that its primary concern lies with being a party to settlement negotiations; that its interests are adequately represented by VEPCO should the case proceed to trial. Virginia is concerned that VEPCO, during settlement negotiations, might compromise the case in a manner which would be adverse to Virginia consumers. The Commonwealth has introduced no proof of this, and such concern appears to be unfounded.

We note that appellant's burden of showing an inadequacy of representation is minimal. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538, 92 S.Ct. 630, 636, 30 L.Ed.2d 686 (1971) (ftn. 10). Nonetheless, we find that Virginia has not met its burden. Virginia seeks no relief other than that which VEPCO seeks for itself. In fact, the Commonwealth's pleadings have been nearly identical to those submitted by VEPCO. It is difficult in light of this fact, to consider the representation of Virginia's interests by VEPCO inadequate. *See Jewell Ridge Coal Corp. v. Local No. 6167, et al.,* 3 F.R.D. 251, 254 (W.D.Va.1943). When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance. *Ordnance Container Corp. v. Sperry Rand Corp.,* 478 F.2d 844 (5th Cir. 1973). Virginia has not succeeded in showing adversity of interest and has not even attempted to show collusion between VEPCO and Westinghouse. Nor is there any indication of nonfeasance by VEPCO's attorneys.

Virginia's concession at oral argument that it was primarily concerned with the outcome of the settlement negotiations, and that its interests at trial would be adequately represented by VEPCO, is significant. We fail to see how a party, which admittedly is adequately represented at trial by parties to the action, is somehow entitled *as of right* to participation in settlement proceedings.

In addition to the near identity of interests, the near duplication of pleadings, and Virginia's concession at oral argument, we also must consider the potential unmanageability of the VEPCO-Westinghouse litigation should we allow intervention. At least thirteen other states are possible litigants. It is not unlikely that Virginia's success would provide the incentive for other states to seek intervention. The resultant complexity of the litigation, combined with increases in cost and judicial time, would hinder resolution of the present conflict. The trial court, deluged with additional briefs and pleadings, would be provided with no new viewpoints and little if any illumination to the original Westinghouse contracts disputes.

Our conclusion is, and must be, that since Virginia did not show that its interests would be impaired or impeded by denying intervention, and did not show the inadequacy of the representation of its interests by the existing parties, the trial judge correctly exercised his discretion in denying intervention. The decision of the district court is affirmed.

*AFFIRMED.*