William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

McGEE BROTHERS COMPANY, INC., Defendant.

No. C-C-86-173-P.

United States District Court, W.D. North Carolina, Charlotte Division.

Aug. 15, 1986.

Bobbye D. Spears, Regional Sol., U.S. Dept. of Labor, Office of Sol., Atlanta, Ga., for plaintiff.

Sam McGee, W. James Chandler, Haynes, Baucom, Chandler, Claytor Benton & Morgan, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Shiloh True Light Church of Christ's "Motion for Joinder and Interpleader (Rules 19 and 22)." The Church requests that "an Order issue allowing the Church to join the captioned action as a party Defendant in accordance with the appropriate Rules of Civil Procedure and to thereafter interpose such defenses as it may elect to the Plaintiff's cause of action." The Plaintiff vigorously opposes the Church's Motion, while the Defendant, whose officers are members of the Church, favors it.

The Court notes at the outset that Rule 24 of the Federal Rules of Civil Procedure, and not Rule 19 or Rule 22, governs intervention into an action by an outsider on his own application. Rule 19 governs situations in which the Court must compel joinder of an absentee or else not proceed with the action, at least if joinder is feasible. Rule 22 governs interpleader, or the joinder of persons having claims, not defenses, against the Plaintiff such that the Plaintiff may be exposed to double or multiple liability if those persons are not joined and required to interplead their claims. Since in the present situation the Church is seeking on its own to be protected from being excluded from an action which it claims might be detrimental to it, the Court should consider the Church's Motion as one for intervention under Rule 24.

The action in which the Church wishes to intervene was brought by the Plaintiff, Secretary of Labor, United States Department of Labor, against the Defendant, McGee Brothers, which is operated by members of the Movant Church. The Plaintiff alleges that the Defendant, which is engaged in masonry construction, has violated the minimum wage, overtime, recordkeeping, and oppressive child labor provisions of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* ("the Act"). He seeks an injunction pursuant to § 17 of the Act enjoining the Defendant from violating these provisions and restraining the Defendant from withholding back wages due its employees.

In its Answer to the Plaintiff's Complaint, one of the defenses the Defendant asserts is that "the acts and conduct complained of in the Plaintiff's Complaint were undertaken as part of a vocational training program for the benefit of the youth of the community" and that "the Federal statutes upon which the Plaintiff bases its cause of action were not intended to be applied to the factual situation as exists in the instant case." Second Answer and Defense, ¶¶ 2–3, Answer filed April 22, 1986. It states in its Affidavit in support of the Church's Motion that the "training program" is administered by the Church and is not a commercial enterprise conducted by the Defendant. Affidavit of Defendant, ¶ 7.

The Church makes essentially the same assertions in its Motion. It claims that the acts complained of are not violations of the Act, but "are in actuality vocational training programs designed, organized, and controlled by the Movant and implemented for the purpose of promoting the religious beliefs and fundamental principles of the Shiloh True Light Church of Christ." Motion of Shiloh True Light Church of Christ, ¶ 4.

The Church contends that it is a necessary party to this action since entry of a judgment as requested in the Plaintiff's Complaint would adversely affect the Church by causing it to lose its "vocational training programs." It further argues that the shaping of appropriate relief cannot be accomplished without its formal participation, since the acts complained of are controlled and administered by the Church as part of and in conformity with its constitutional right to freedom of religion.

■ Rule 24(a)(2) governs intervention of right in the present case. That rule provides:

Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). To establish its right to intervene under Rule 24(a)(2), therefore, the Church must establish, first, that its application was timely; second, an interest in the subject of the action; third, that without intervention, its interest may be impaired; and fourth, that the present litigants do not adequately represent its interests. All four criteria must be met for the Church to be entitled to intervene of right. *See Commonwealth of Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir.1976).

The issue whether the Church's interest is adequately represented by the present litigants is dispositive of whether the Church may intervene of right. It appears clear to the Court that the Defendant assumes the same position as the Church with respect to the Plaintiff's Complaint. As noted above, both the Defendant in its Answer and the Church in its Motion assert that the acts complained of are not violations of the Fair Labor Standards Act because they are controlled by the Church as part of its vocational training program for its members. Thus, their ultimate objective is the same: to protect the "vocational training program" from the provisions of the Act. The Fourth Circuit has noted that

[w]hen the party seeking intervention has the same ultimate objective as the

party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance.

*Westinghouse, supra,* 542 F.2d at 216.

There is certainly no adversity of interest between the Defendant and the Church. Indeed, all of the officers of the Defendant are members of the Church, and four of the eleven persons who signed a letter of opposition to the Department of Labor on behalf of the Church at the conclusion of the Department's investigation were officers of the Defendant. Thus, it appears that the Defendant has a real concern for and shares in the Church's interests and will attempt to protect those interests in defending this action. Indeed, it seems that the Defendant would push for protection of its acts as part of a "training program" at least as vigorously as the Church would, since it not only shares the Church's religious objectives but would also benefit economically from having the participants declared "students" rather than "employees."

It is also clear that there is no collusion between the existing parties. As noted above, the Defendant vehemently denies that it "employs" the participants in the "vocational training program" and accordingly stands in a purely adversary position with respect to the Plaintiff.

Finally, nothing presented to this Court indicates nonfeasance on the part of the Defendant. It has timely filed an Answer and has employed the same counsel that is representing the Church in this matter. This common representation indicates that the Church approves of the steps the Defendant has taken to defend this action.

■ The Court concludes that the Church's interest in protecting its "vocational training program" is adequately represented by the existing Defendant. It is, therefore, of the opinion that the Church is not entitled to intervene of right in this action under Rule 24(a)(2).

Permissive intervention is governed by Rule 24(b), which provides:

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b). Subsection (1) of Rule 24(b) does not provide a basis for permissive intervention in this case, since no statute of the United States gives the Church a conditional right to intervene.

■ The requirement of subsection (2) that the applicant's claim or defense have a question of law or fact in common with the main action is satisfied, however, since the Church asserts the same position that has been assumed by the existing Defendant. It is doubtful, however, whether the rule was intended to provide for intervention by an applicant who apparently desires merely to assist in asserting the same defense already asserted by the Defendant. *See Peterson v. United States,* 41 F.R.D. 131 (D.Minn.1966).

■ Even if intervention under Rule 24(b)(2) is available in this situation, the Court in its discretion believes that intervention by the Church should be denied. As noted above, the Court is of the opinion that the Defendant will adequately represent the Church's interest, in which the Defendant shares. Further, the Court fears that adding the Church as a defendant would needlessly increase the cost and delay the disposition of this litigation.

The Church can most expeditiously serve its purpose by filing a brief *amicus curiae.*

NOW, THEREFORE, IT IS ORDERED that the Motion of the Shiloh True Light Church of Christ to intervene in this action as a defendant is DENIED.