**SHILOH TRUE LIGHT CHURCH OF CHRIST, Plaintiff,**

**v.**

**William E. BROCK, Secretary of Labor, United States Department of Labor, Defendant.**

**No. C–C–86–463–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Sept. 10, 1987.

W. James Chandler, Charlotte, N.C., for plaintiff.

Charles E. Lyons, Asst. U.S. Atty., Charlotte, N.C., for defendant.

## MEMORANDUM OF DECISION

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant's Motion to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the Complaint fails

to plead any proper jurisdiction over the subject matter and fails to state a claim upon which declaratory and injunctive relief can be granted, or in the alternative, to exercise its discretion and dismiss the declaratory and injunctive action pursuant to 28 U.S.C. § 2201 of the Judicial Code.

Preceding the present action, the Plaintiff in this action, Shiloh True Light Church of Christ ("Shiloh"), had, on May 22, 1986, moved to join in the action entitled *William E. Brock, Secretary of Labor, U.S. Department of Labor v. McGee Brothers Company, Inc.*, W.D.N.C. Charlotte Division, C–C–86–173–P, which had been filed on April 7, 1986.

This Court, by Order filed on August 15, 1986, 111 F.R.D. 484, denied the Motion of Shiloh to intervene in that action. Shiloh appealed from the Court's Order denying intervention and then on September 23, 1986, filed a dismissal of that appeal which was then dismissed by the Court of Appeals for the Fourth Circuit on December 5, 1986.

Shiloh filed this Complaint on October 15, 1986.

## COMPLAINT

The Complaint in this action, in summary form, states that the Plaintiff is a recognized religious entity that has established and maintains a vocational training program to further its religious beliefs, and that McGee Brothers Construction Company ("McGee") has volunteered the skill and expertise of the Company for the purpose of furthering the vocational training program established and maintained by the Church.

The Complaint further alleges that all decisions concerning the vocational training program, including the hours worked and rate of pay and job assignments are left to the determination of Plaintiff Church's vocational training committee and that McGee exercises on-site authority over the students, as would be required in a training situation, but the program is totally Church directed.

The Complaint further alleges that the vocational training program was established within the Church for the purpose of instilling in those children the values of industry, hard work, pride in the job and the need to cooperate with others, that the program is not confined to McGee but that at least ten other vocational skills are taught by businesses whose owners and operators are members of the Church and who volunteer their time and expertise.

The Complaint further alleges that a portion of the young people's money earned in the vocational training program is deposited to a fund for their own personal use as their age and sense of responsibility increases.

The Complaint continues and alleges that the affirmative relief sought by the Secretary in the civil action C–C–86–173–P would essentially destroy the vocational training program of Defendant, and that the acts which Defendant seeks to enjoin are the acts and conduct of the Church protected by the First Amendment.

Plaintiff then prays the Court to enjoin Defendant from obtaining the relief sought as it pertains to trainees of the Church sponsored vocational training program, and for a declaration that the enforcement of the provisions of the FLSA as respects the vocational training programs of the Church would infringe on the Church's First Amendment rights.

Rule 12(b) states: "... the following defenses may at the option of the pleader be made by Motion: (1) lack of jurisdiction over the subject matter ... (6) failure to state a claim upon which relief can be granted." The Defendant is proceeding under Rule 12(b).

The long and short of this action by Plaintiff Shiloh is to have this Court declare that the Secretary of Labor cannot enforce the Fair Labor Standards Act (FLSA) (29 U.S.C. § 201, *et seq.*) against a commercial contractor even though members of Plaintiff church are allowing their children to be employed by a commercial enterprise in violation of the prohibition of child labor, minimum wage, overtime compensation and record-keeping provisions of

the FLSA because, Plaintiff contends, the children are participating in a vocational training program established by the Church which is a constitutionally protected privilege of free exercise of religion.

*William E. Brock, Secretary of Labor, United States Department of Labor,* Plaintiff, v. *McGee Brothers Company, Inc.,* Defendant, C–C–86–173–P, is a suit by the Secretary against McGee, not against Plaintiff in this action. The statute under which the Secretary's suit is brought applies to Defendant McGee, a commercial contractor, not to Shiloh, the Plaintiff in this action.

Plaintiff in its Memorandum asserts that the critical point of the church's Complaint is that the acts and conduct of McGee are in truth the acts and conduct of the church, and that these acts and conduct of the church constitute an integral part of the constitutionally protected free exercise of its religion, and that ... "thus under the theory of the complaint, the Secretary's effort to enforce the Act against the McGee Brothers (who themselves are members of the Plaintiff's church) is an indirect and questionable effort to enforce the Act against the religious beliefs and conduct of the Plaintiff church."

It is quite a leap to contend that enforcement of the statute against a construction contractor to which the FLSA applies is an effort to enforce it against the religious beliefs and conduct of the Church.

■ If a church is in a commercial business its commercial activities would be within the reach of the FLSA, *Tony & Susan Alamo Foundation v. Secretary of Labor,* 471 U.S. 290, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985). The Church under the pleadings in this case is not in a commercial business, but rather, as the Complaint alleges, is "... a recognized religious entity within the meaning of the First Amendment of the Constitution of the United States ..." and Defendant (McGee) in the Secretary's action, C–C–86–173–P, is, according to the Complaint in this action, "... a corporation organized and existing pursuant to the laws of the State of North Carolina, specializing in masonry construction."

In summary, the pleadings do not allege that Plaintiff is engaged in commercial activities and thus, Plaintiff in *this* action is *exempt* from the FLSA, while Defendant McGee in the Secretary's action is subject to the FLSA.

## THE STANDING ISSUE

■ Shiloh's argument that it has standing is grounded on the nebulous allegation that both it and its members will be affected by the application of the Act "to this religious program." It concedes in its Memorandum, however, that it is "... impossible to plead that the Church is itself a 'statutory employer' or that it is a 'school' within the ambit of the Act."

Alleging that it or its members would be "affected by the defendant's actions" as contended by Plaintiff, is not sufficient ground to support standing.

*Only those to whom a statute applies and* who are adversely affected by it can question its constitutional validity in a declaratory judgment proceeding as in any other. *Alabama State Federation of Labor v. McAdory,* 325 U.S. 450, 463, 65 S.Ct. 1384, 1390, 89 L.Ed. 1725 (1945). The statute simply does not apply to Plaintiff. Nor has Plaintiff asserted any actual or threatened injury as a result of any *illegal* conduct of Defendant.

In *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91 at 99, 99 S.Ct. 1601 at 1607–1608, 60 L.Ed.2d 66, the Court said:

> In recent decisions, we have considered in some detail the doctrine of standing in the federal courts. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.... In both dimensions it is founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Warth v. Seldin,* 422 U.S. 490, 498 [95 S.Ct. 2197, 2205, 45 L.Ed.2d 343] (1975).

The constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between himself and the defendant. In order to satisfy Art. III, the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively *illegal* (emphasis added) conduct of the defendant. (Citing cases).

Enforcement of the FLSA against a construction contractor by the Secretary is hardly illegal conduct by the Secretary.

The Court concludes that Plaintiff in this action does not have standing to bring this declaratory judgment action.

## 12(b)(6) FAILURE TO STATE A CLAIM

Plaintiff asks that this Court enjoin the Secretary from enforcing the FLSA against McGee and for a declaratory judgment that enforcement of the provisions of the FLSA "... as respects the vocational training programs of the Church would infringe upon the Church's First Amendment rights to freely exercise its religious beliefs...."

The First Amendment prohibits the Congress from making any law prohibiting the free exercise of religion.

The FLSA does not prohibit Plaintiff or any other religious group from the free exercise of its religion. The mere allegation that the Act prohibits the free exercise of religion by Plaintiff is not sufficient to give this Court jurisdiction over the subject matter of Plaintiff's action.

"When followers of a particular sect enter into commercial activity as a matter of choice, the limits they accept on their own conduct as a matter of conscience and faith are not to be superimposed on the statutory schemes which are binding on others in that activity."

*United States v. Lee,* 455 U.S. 252 at 261, 102 S.Ct. 1051 at 1057, 71 L.Ed.2d 127 (1982).

If the Plaintiff's theory of the law prevailed, every contactor could hire children of any religious sect which claimed that their employment was a "vocational training program" and that any application of the FLSA would be an interference with their religious beliefs.

The FLSA is a reasonable, nondiscriminatory regulation by an act of Congress, one purpose being to prevent the exploitation of children in the labor force, and its enforcement, (even as to employees of a church engaged in commercial activity no matter what their religious conviction) does not violate the constitutional provisions guaranteeing the free exercise of religion. *Mitchell v. Pilgrim Holiness Church Corp.,* 210 F.2d 879 (7th Cir.1954) *cert. denied,* 347 U.S. 1013, 74 S.Ct. 867, 98 L.Ed. 1136.

Plaintiff's Complaint alleges in Paragraph 12:

12. The vocational training program was established within the Church for the purpose of instilling in those children the values of industry, hard work, pride in the job and the need to cooperate with others. It was to follow, to implement and to expand upon this New Testament dictate that served as the basis for the vocational training program.

Enforcement of the provisions of the FLSA is not an infringement of the free exercise of religion any more than is the conviction of bigamy even though the Defendant insisted that under his religion it was his duty to marry the second wife, *Reynolds v. United States,* 98 U.S. (8 Otto) 145, 25 L.Ed. 244 (1878). Nor is a finding of guilty of violating the Mann Act an infringement on the free exercise of religion although the defendant and the woman involved had participated in a ceremony known and recognized in his religion as a "celestial" or plural marriage *Cleveland v. U.S.,* 146 F.2d 730, 734 (10th Cir.1945). The Court said in that case: "The right to engage in a practice which violates a forbidding act of Congress valid in other respects cannot be asserted with success merely because the practice arises out of religious conviction.", citing *Reynolds v. U.S.,* 98 U.S. (8 Otto) 145, 25 L.Ed. 244 (1878).

The Complaint in the Secretary's action against McGee alleges that Defendant

McGee since April 7, 1983, has repeatedly and willfully violated the FLSA by failing to pay employees the applicable minimum hourly rates, by failing to pay overtime, by failing to keep and preserve adequate records of persons employed, and of the wages, hours, and other conditions of employment, by employing oppressive child labor in that McGee employed minors under the age of 16 years in occupations not permitted and for more hours than permitted under the Regulations, and by employing minors under the age of 18 years of age in the operation of power-driven hoisting apparatus, an occupation declared by the Secretary in his Regulations to be particularly hazardous for such minors (Paragraphs IV, V, VI, VII, VIII of Complaint), *Brock v. McGee Brothers* W.D.N.C. Charlotte Division, File No. C–C–86–173–P.

Plaintiff relies on *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972) in support of its theory that since "... the acts and conduct of McGee Brothers, as members of the plaintiff Church who provide the religious experience of vocational training for children of other church members, cannot be viewed in isolation from the religious character that permeates the training program ...", that the application of the FLSA may "... in the application to the plaintiff's Church program 'offend the constitutional requirement for governmental neutrality if they unduly burden the free exercise of religion ...'"

Plaintiff's reliance on *Yoder* is misplaced. That case involved the Amish claims that application to them of the compulsory school attendance law violated their rights under the free exercise clause of the First Amendment. In sustaining the Amish position, the Court said on pages 233–34:

> To be sure, the power of the parent, even when linked to a free exercise claim, may be subject to limitation under *Prince* if it appears that parental decisions will jeopardize the health and safety of the child, or have a potential for significant social burdens.

In the case before the Court, (*Brock v. McGee, supra*) Defendant McGee's employment of minors in the occupations not permitted under the regulations, and the failure to abide by the minimum hourly rates, and overtime required under the FLSA, whether in the name of religion or not, are matters clearly subject to regulations, under the powers delegated to Congress, to promote the health, safety and general welfare, of the people.

■ The right to practice religion freely does not include the right to jeopardize a child's health.

A democratic society rests, for its continuance, upon the healthy, well-rounded growth of young people into full maturity. The Congress has seen fit to secure the health and welfare of children, and all employees in commercial enterprises by enactment of the FLSA. However the leaders of Shiloh may view construction work by minors, it cannot be deemed a furthering of the church vocational program protected by the First Amendment merely because Shiloh asserts that position.

■ There is no denial of First Amendment rights in excluding minors in the church vocational programs from doing what no other children may do. *Prince v. Massachusetts*, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944).

The Secretary has the legal duty to proceed to enforce the FLSA, and should not be hindered in his action by a plaintiff which is not a party, which lacks standing to bring suit and which cannot state a claim, as is clearly demonstrated by the allegations in its complaint.

A judgment dismissing Plaintiff's Complaint will be entered simultaneously with this Memorandum of Decision.