**Ann McLAUGHLIN, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**McGEE BROTHERS COMPANY, INC., Sam McGee, Bill McGee, Don McGee, Michael McGee, and Cletus Huntley, Defendants.**

**No. C–C–86–173–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Jan. 14, 1988.

Patricia J. Craft, Bobbye D. Spears, Regional Sol., U.S. Dept. of Labor, Atlanta, Ga., for plaintiff.

Sam McGee, pro se.

W. James Chandler, Charlotte, N.C., for defendants.

**ORDER**

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the following Motions by Plaintiff:

(1) Motion to Strike Defendant McGee Brothers Company, Inc.'s Amendment and Supplement to Answer filed December 17, 1987.

(2) Motion *In Limine*, filed December 29, 1987.

(3) Motion to Consolidate the trial of the case in chief in *McGee Brothers* and the contempt hearings in *McGee Brothers* and *Wendell's Woodwork*, filed December 18, 1987.

A hearing was held in Asheville, North Carolina on January 7, 1988 at which all the above Motions were heard. Plaintiff was represented by Patricia J. Craft, Attorney at Law, and Defendants were represented by Thomas A. McNeely, Attorney at Law.

## MOTION TO STRIKE DEFENDANT McGEE BROTHERS COMPANY, INC.'S AMENDMENT AND SUPPLEMENT TO ANSWER FILED DECEMBER 17, 1987

Plaintiff's Motion is based on the ground that Defendant McGee's Amendment and Supplement to Answer was not filed in compliance with Rule 15(a) of the Federal Rules of Civil Procedure in that leave of Court was not had. At the hearing the Attorney for Defendant stated that Motion for leave was inadvertently omitted from the filing.

Plaintiff contends that Defendant McGee now attempts to assert four defenses it has not raised in any of its prior pleadings, and that several of the defenses raised are frivolous and would be subject to a Motion to strike if they had been properly filed.

Defendant's Amendment and Supplement to Answer alleges, among other things, that Defendants are members of the Shiloh True Light Church of Christ which holds that its Vocational Training Program for its young members is a part of the practice of its religion, that an injunction against Defendant's officers burdens them in the free exercise of their religion, that Defendant's officers are entitled to an exemption from the FLSA, that as applied to Defendant's officers, the FLSA is unconstitutional and void because it violates their First Amendment right that they are entitled to an exemption and there is no compelling reason why an exemption should be refused, that the application of the FLSA when applied to Defendant's officers is arbitrary and discriminatory and contravenes the equal protection principles encompassed in the Fifth Amendment to the Constitution; that the Shiloh Church Vocational Training Program is a purely religious undertaking and outside "the jurisdiction or sweep of the FLSA, as are the activities of the officers of Defendant."

This trial is set to commence January 19, 1988. To grant Defendant's Motion to be allowed to amend its Answer at this late date and assert new defenses not previously raised would clearly be prejudicial to Plaintiff. Plaintiff's Motion to Strike Defendant McGee Brothers Company, Inc.'s Amendment and Supplement to Answer will, therefore, be allowed.

## MOTION IN LIMINE

1. Plaintiff moves the Court to prohibit Defendant from introducing at trial evidence contrary to the statutory and regulatory Declarations concerning employment of oppressive child labor.

The Act and the Regulations promulgated pursuant thereto define "oppressive child labor" and "occupations Particularly Hazardous for the Employment of Minors between 16 and 18 years of age or Detrimental to their Health or Well Being."

■ The Court will, therefore, prohibit Defendant from introducing any evidence as to those matters on the ground that it is irrelevant.

2. Plaintiff moves the Court to prohibit Defendant from introducing any evidence as to whether the enforcement of the FLSA with respect to the subject child labor violates the First Amendment.

The Court has previously addressed this issue in its opinion in *Shiloh True Light Church of Christ v. Brock*, 670 F.Supp. 158 (W.D.N.C.1987), when this Court said at p. 162:

In the case before the Court, (*Brock v. McGee, supra*) Defendant McGee's employment of minors in the occupations not permitted under the regulations, and

the failure to abide by the minimum hourly rates, and overtime required under the FLSA, whether in the name of religion or not, are matters clearly subject to regulations, under the powers delegated to Congress, to promote the health, safety and general welfare, of the people.

The right to practice religion freely does not include the right to jeopardize a child's health.

Balancing the First Amendment right of freedom of religion against the exercise of government authority to promote the health, safety, and general welfare of the people is a delicate task.

Plaintiff has alleged, among other things, that Defendant has employed oppressive child labor within the meaning of the FLSA, and as defined in the Regulations, in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce. If Plaintiff proves her allegations by a preponderance of the evidence, she has satisfied the requirements of the law for enjoining Defendants from violating the provisions of the FLSA.

■ Overt acts prompted by religious beliefs or principles are not protected by the First Amendment when in conflict with governmental regulations which have been enacted for the general welfare and health of the people and in the public interest. *Sherbert v. Verner*, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1962); *Braunfeld v. Brown*, 366 U.S. 599, 81 S.Ct. 1144, 6 L.Ed. 2d 563 (1960).

■ The government, through its elected representatives, clearly may enact child labor laws to accomplish its overriding governmental objective of protecting the health and welfare of the people, and First Amendment rights do not preclude the enforcement of those child labor laws. *Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985).

Plaintiff's Motion *In Limine* to prohibit evidence as to whether enforcement of the FLSA to the child labor which is the subject of this action violates the First Amendment will be granted.

## PLAINTIFF'S MOTION TO CONSOLIDATE

Plaintiff's Motion to consolidate the trial of the case in chief and the Show Cause Hearing on the Petition for Adjudication in Civil Contempt in *McLaughlin v. McGee Brothers, Inc.*, C-C-86-173-P, with the Show Cause Hearing in *McLaughlin v. Wendell's Woodwork, Inc.*, C-C-87-420-P will be allowed.

NOW, THEREFORE, IT IS ORDERED:

(1) Plaintiff's Motion to Strike Defendant McGee Brothers Company, Inc.'s Amendment and Supplement to Answer filed December 17, 1987, is *GRANTED.*

(2) Plaintiff's Motion *In Limine*, filed December 29, 1987, is *GRANTED.*

(3) Plaintiff's Motion to Consolidate the trial of the case in chief in *McGee Brothers* and the Contempt Hearings in *McLaughlin v. McGee Brothers Company, Inc.*, C-C-86-173-P, with the Show Cause Hearing in *McLaughlin v. Wendell's Woodwork, Inc.*, C-C-87-420-P, is *GRANTED.*

(4) The Court's Order consolidating *McGee Brothers* and *Wendell's Woodwork* cases for trial and filed December 29, 1987, is *VACATED*, and the Clerk hereinafter will maintain *separate* files for those cases. Those documents filed with the Court from December 29, 1987 through the date of this Order will be docketed and filed as follows:

Documents bearing the style of case number C-C-86-173-P *only* will be docketed and filed in C-C-86-173-P;

Documents bearing the style of *both* cases will be docketed in *both* cases, the *original* will be filed in C-C-86-173-P, and a *copy* will be filed in C-C-87-420-P; and

Documents bearing the style of C-C-87-420-P *only* will be docketed and filed in that case.