**DAIRY MAID DAIRY, INC., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

Civ. A. No. 2:93CV260.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 6, 1993.

Howard W. Roth, III, Michael Laurence Sterling, Vandeventer, Black, Meredith & Martin, Norfolk, VA, for plaintiff.

John Phillip Krajewski, U.S. Attorney's Office, Norfolk, VA, for defendants.

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

Dairy Maid Dairy, Inc. ("Dairy Maid") instituted this action seeking a declaration that the defendants' (collectively referred to as DOA") violated the Competition In Contracting Act ("CICA"), 31 U.S.C. § 3553(c) and (d), by refusing to stay the award and performance of a contract for operation of a milk production plant in Korea to Contact International Corporation ("Contact International") pending resolution by the General Accounting Office ("GAO") of pre-award and post-award protests filed by Dairy Maid pursuant to CICA. At the time it filed this action on March 30, 1993, Dairy Maid was operating the milk production plant and DOA had given Dairy Maid notice that its contract would expire at midnight (Korean time) March 31, 1993 and that immediately thereafter Contact International would commence operation of the milk plant pursuant to the terms of the contract which is the subject of the protests pending before the GAO.

Dairy Maid also moved for entry of an order temporarily restraining DOA from terminating on March 31, 1993 the existing contract with Dairy Maid and from proceeding with performance of the contract awarded to Contact International pending a decision by the GAO on Dairy Maid's protests. On March 30, 1993, the court granted Dairy Maid's motion for a temporary restraining order, established an expedited discovery and briefing schedule, and fixed April 8, 1993 as the trial date on the merits, thereby merging the requests for preliminary and permanent injunctive relief. Subsequently, DOA moved for a brief postponement of the trial, citing the necessity of extra time to prepare properly for trial. The court granted DOA's request over the objection of Dairy Maid. The expedited discovery and briefing schedules were adjusted slightly and the date of trial was moved to April 13, 1993.

Contact International has moved for leave to intervene in these proceedings as a matter of right under Fed.R.Civ.P. 24(a)(2). For the reasons set forth below, that motion is denied.

## DISCUSSION

The right to intervene in a pending action is conferred by Fed.R.Civ.P. 24(a)(2):

... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Accordingly, in this circuit, Contact International must show:

First, an interest sufficient to merit intervention; second, that without intervention, its interest may be impaired; and third, that the present litigants do not adequately represent its interest.

*Commonwealth of Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214 (4th Cir.1976). Of course, Contact International must meet all three prongs of the test in order to establish its right to intervene. *Id.*

1. *Interest in the Subject Matter of This Action.*

This action challenges the failure of DOA to comply with two sections of CICA governing the lifting of stays which, by law, auto-

matically go into effect upon the filing of protests against the award or the performance of government contracts. DOA is entitled to override the automatic stays and to award, or proceed with performance of, the contract under certain circumstances. In this instance, DOA was entitled by statute to award the protested contract to Contact International, and thereby override the stay, "upon a written finding that urgent and compelling circumstances which significantly affect interest of the United States will not permit waiting for the decision of the [GAO]. . . ." 31 U.S.C. § 3553(c)(2)(A). Further, where, as here, the contract is awarded and the government receives notice of-protest within ten days of the award date, performance of the contract is suspended pending resolution of the protests by the GAO unless the DOA makes the same finding required under § 3553(c)(2)(A) as to the post-award protest and the need to proceed with the contract.

Dairy Maid asserts that it is entitled to the benefit of the automatic stay provisions of both sections of the statute because: (1) it filed pre-award and post-award protests; (2) DOA's findings are insufficient to override the pre-award protest; and (3) the DOA has made no findings at all in respect of the post-award protest. Hence, the focus of this action is whether: (1) Dairy Maid is entitled to the benefit of the stay provisions; (2) DOA has satisfied the legal requirements for overriding the stay provisions applicable to the pre-award protest; and (3) DOA's failure to order a cessation of the performance of the contract is in violation of the statute applicable to post-award protests.

■ Fed.R.Civ.P. 24(a) does not articulate the nature of the interest in an action which is sufficient to permit intervention as of right, but the Supreme Court of the United States has held that "[w]hat is obviously meant . . . is a significantly protectable interest." *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). Of course, a general interest in the subject matter of pending litigation does not constitute a protectable interest within the meaning of Rule 24(a)(2). To be protectable, the putative intervenor's claim must bear a close relationship to the dispute between the exist-

ing litigants and therefore must be direct, rather than remote or contingent. 3B *Moore's Federal Practice* ¶ 24.07[2].

■ Considering the limited scope of this action and the statutory and regulatory scheme governing the protests of government contracts and taking into account the statutorily required automatic stay pending such protests and the circumstances permitting override of those stays, it does not appear that Contact International has established the existence of a protectable interest in the subject matter of this action. Contact International contends that the mere fact of the award of the contract to it by DOA demonstrates a protectable interest within the meaning of Rule 24(a)(2). Contact International's pleadings on this point are conclusory and provide no explication of its contention that it has a protectable interest. However, the statutory scheme clearly contemplates that Contact International's interest in that contract can be automatically foreclosed by operation of law pending resolution of a dispute on the merits by the GAO. Accordingly, the interest of Contact International in the subject matter of this action is remote and contingent. The statutory right of DOA to override the stay does not alter that result because, under the statute, the privilege of attempting to override the stay rests solely in the United States and confers no interest on the party to whom the contract is awarded.

2. *Whether Disposition of This Action May Practically Impair or Impede the Ability of Contact International to Protect the Perceived Interest.*

Contact International asserts in conclusory terms that:

Adverse disposition of this action may, as a practical matter, lead to the termination of the Contract, thus depriving Contact International, and its employees, of jobs and millions of dollars of revenues.

Considering the procedural posture of the protests and the statutory scheme controlling their resolution, this assertion substantially overstates the situation confronting Contact International. As Dairy Maid correctly points out, Contact International is entitled to participate in the protest proceedings pending before the GAO. 4 CFR § 21.0(B).

Contrary to the contentions of Contact International, Dairy Maid does not seek in this action a termination of the contract awarded by DOA to Contact International. Whether such a termination will occur depends entirely upon the resolution of the protest pending before GAO and is not a matter to be decided by this court. The issue here is whether, pending resolution of those protests, Dairy Maid is entitled to the benefit of the automatic stay provisions of 31 U.S.C. § 3553(c) and (d). Thus, it would appear that as a practical matter, if not as a matter of law, the disposition of this action by this court will not impair or impede Contact International's ability to protect its interest in those proceedings or such interests as it may legitimately have in the contract if it survives the protests.

3. *Whether Existing Parties Adequately Represent the Perceived Interest of Contact International.*

At the outset it is appropriate to note that Contact International's burden of showing inadequacy of representation is a minimal one. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538, n. 10, 92 S.Ct. 630, 636, n. 10, 30 L.Ed.2d 686 (1972); *Commonwealth of Virginia v. Westinghouse Electric Corp.,* 542 F.2d at 216. The determination of this factor, of course, must be made on a case by case basis and in this case Contact International candidly concedes that it "currently shares the same interest as the principal defendant, the United States of America, *i.e.,* the dismissal of this lawsuit and performance of the Contract." Contact International, however, speculates that "subsequent events could cause those interests to diverge." Furthermore, Contact International argues that it is uniquely qualified to present evidence of substantial harm it has suffered and will continue to suffer unless the awarded contract goes forward pending resolution of the dispute.

■ "Although the burden of demonstrating inadequate representation has been termed minimal, representation of the applicant's interest is often held adequate, and intervention as of right denied, when the applicant for intervention and an existing party have the same interest or ultimate objectives in the litigation, absent collusion or nonfeasance." 3B *Moore's Federal Prac-*

*tice* ¶ 24.07[4]. Accordingly, where, as here, Contact International concedes that its interests currently are the same as those of DOA and DOA has evinced sufficient motivation to defend the positions asserted to be of importance by the putative intervenor, representation is considered adequate even though the applicant might have a slightly different motive for litigating the issues. *Id.* Furthermore, the burden of proving inadequate representation is greater where the representative is a governmental body. *Id.*

Under the facts of this case and considering the applicable law, the court concludes that Contact International has not met the burden of showing that its interests are not adequately represented by DOA. Of course, DOA will be permitted to introduce evidence respecting any injury perceived by Contact International because it is possible that DOA may claim such injury to constitute evidence bearing on either the public interest or the effect on the government of injunctive relief on DOA.

For the foregoing reasons, the petition of Contact International to intervene in this action is denied.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record by facsimile and by first class mail.

It is so ORDERED.