**Ricky WYATT, By and Through his aunt and legal guardian, Mrs. W.C. RAWLINS, Jr., et al., Plaintiffs,**

**Diane Martin, et al., Plaintiff–Intervenors,**

**v.**

**Richard E. HANAN, as Commissioner of Mental Health and Mental Retardation, and the State of Alabama Mental Health Officer, et al., Defendants,**

**United States of America, Amicus Curiae.**

**Civil Action No. 3195–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 15, 1995.

Ira A. Burnim, Andrew Bridge, Shelley Jackson, Claudia Schlosberg, Ellen Harris, Mary Giliberti, Leonard S. Rubenstein, Bazelon Center for Mental Health Law, Washington, DC, James M. Lichtman, Ropes & Gray, Washington, DC, Fern Singer, Sirote & Permutt, Birmingham, AL, Kathryn H. Sumrall, Jackson, Garrison & Sumrall, P.C., Birmingham, AL, Allen Smith, Jr., Warm Springs, MT, Iris Eytan, San Francisco, CA, James A. Tucker, Alabama Civil Liberties Union, Montgomery, AL, for plaintiffs.

David Ferleger, Philadelphia, PA, Drew P. Baker, Reuben Wright Cook, Victoria Ann Farr, Donald G. Tipper, Anita K. Hamlett, Alabama Disabilities Advocacy Program, Tuscaloosa, AL, Apsilah Geer Owens, John A. Owens, Owens & Carver, Tuscaloosa, AL, for intervenor-plaintiffs.

Algert S. Agricola, Jr., Wallace, Jordan, Ratliff & Brandt, L.L.C., Montgomery, AL, Patrick C. Davidson, Walker, Hill, Adams, Umbach, Meadows & Walton, Opelika, AL, Milton J. Westry, Thomas, Means & Gillis, P.C., Montgomery, AL, Ricky J. McKinney, Burr & Forman, Birmingham, AL, Mary Elizabeth Culberson, Office of the Attorney General, Montgomery, AL, Gregory Dale Crosslin, Robert E. Sasser, Clifton E. Slaten, Rebecca W. Pritchett, Patrick Sefton, Sasser & Littleton, P.C., Montgomery, AL, Charles B. Campbell, Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham, AL, James Darrington Hamlett, Devereaux & Associates, Montgomery, AL, June E. Lynn, G.R. (Rick) Trawick, Department of Mental Health & Mental Retardation, Bureau of Legal Services, Montgomery, AL, for defendants.

Kenneth E. Vines, U.S. Attorney's Office, Montgomery, AL, Deval L. Patrick, Robinsue Frohboese, Judith C. Preston, Tawana E. Davis, Robert C. Bowman, United States Department of Justice, Civil Rights Division, Special Litigation Section, Washington, DC, for amicus U.S.

## ORDER

MYRON H. THOMPSON, Chief Judge.

This lawsuit is before the court on a motion to intervene filed by William Edward Haas, as next friend and legal guardian of his daughter, a mentally incompetent woman who is now a resident of one of the State of Alabama's institutions for the mentally retarded and mentally ill. For the reasons that follow, the court concludes that Haas's motion should be denied.

## I. BACKGROUND

The plaintiffs filed this class-action lawsuit in 1970 claiming that conditions in Alabama's institutions for the mentally ill and the mentally retarded violated the patients' constitutional rights. In 1972, the court found in favor of plaintiffs and entered injunctions requiring officials of the Alabama Department of Mental Health and Mental Retardation to bring their facilities into compliance with certain minimal constitutional standards. *Wyatt v. Stickney,* 344 F.Supp. 373 (M.D.Ala.1972) (standards for mentally ill), *aff'd in relevant part,* 503 F.2d 1305 (5th Cir.1974); *Wyatt v. Stickney,* 344 F.Supp. 387 (M.D.Ala.1972) (standards for mentally retarded), *aff'd in relevant part,* 503 F.2d 1305 (5th Cir.1974). Fourteen years later, on September 22, 1986, the court approved a consent decree that resolved the plaintiffs' and the defendants' continued conflicts over the adequacy of the state's funding and administration of facilities under the court-ordered standards.[1] In 1991, a new round of litigation began. On January 18, 1991, the defendants filed a motion for a finding that they have met their obligations under the 1986 consent decree and for an order terminating this lawsuit. On January 22, 1993, the plaintiffs responded by filing a motion to enforce the 1986 consent decree and for further relief based on the consent decree and the Americans with Disabilities Act of 1990, 42 U.S.C.A. §§ 12101–12213. The motions are set for trial in March 1995.[2]

It is within this context, after 24 years of litigation and court involvement with the Alabama Mental Health and Mental Retardation System, that Haas seeks to intervene on behalf of his daughter.[3]

---

1. The consent decree is reproduced at *Wyatt v. Wallis,* No. 3195–N, 1986 WL 69194 (M.D.Ala. Sept. 22, 1986). Modifications of the court-ordered standards have also been approved. *See, e.g., Wyatt v. King,* 793 F.Supp. 1058 (M.D.Ala. 1992).

2. These motions were previously set for trial in January 1995.

3. Haas seeks to represent his daughter pursuant to Rule 17(c) of the Federal Rules of Civil Procedure, which provides that, "Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person."

## II. DISCUSSION

### A.

Haas seeks to intervene as a matter of right and, alternatively, as a matter of discretion, based on Rule 24 of the Federal Rules of Civil Procedure. Under subsection (a)(2) to Rule 24, a party seeking to intervene as a matter of right must meet the following requirements: (1) the application must be timely; (2) the interest asserted must relate to the property or transaction that is the subject of the action; (3) the applicant must be situated such that disposition of the action may impede or impair the applicant's ability to protect that interest; and (4) the interest asserted must be represented inadequately by the existing parties to the lawsuit.[4] *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989). If these four requirements are all met, intervention must be granted. *Id.* at 1213. If any of these requirements is not met, the intervention as of right is not proper. *Bush v. Viterna*, 740 F.2d 350, 354 (5th Cir.1984). Because Haas has failed to satisfy the fourth requirement—that is, he has not proved that the interests he seeks to assert are not already adequately represented—the court discusses only this requirement and does not reach whether the other requirements are satisfied.

The requirement that an intervenor not be adequately represented by existing parties "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). "However 'minimal' this burden may be, it cannot be treated as so minimal as to write the requirement completely out of the rule." *Bush*, 740 F.2d at

355. " 'When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance.' " *Id.* (*quoting Commonwealth of Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir.1976)) (intervening citations omitted). The party seeking intervention must "contribute" something to the "lawsuit beyond underlining the positions already taken" by the current parties. *Bush*, 740 F.2d at 357.

Haas's daughter is a profoundly mentally retarded resident of the William D. Partlow Developmental Center in Tuscaloosa, Alabama. She is 30–years old and has the mental ability of an 18–month–old child. Haas asserts in his proposed complaint-in-intervention that, under both federal and state law, his daughter is entitled "to continue to receive, at Partlow, care of the type currently provided by Partlow,"[5] "subject to reasonable improvements as indicated by medical science."[6] He concludes his complaint-in-intervention with the allegation that "certain organizations and entities styled as parties-plaintiffs have urged this court to decrease the services offered at Partlow or to close Partlow."[7] Haas is essentially asking that the defendants be enjoined (1) to keep Partlow open and to continue to provide needed individual care to his daughter at that facility and (2) to continue to make the necessary improvements of the facility and programs at Partlow as long as she is a resident there.[8]

The court acknowledges and the parties do not challenge that Haas's daughter has a "direct, substantial, legally protectible interest" in this litigation, *Chiles*, 865 F.2d at 1214, as do all residents of the Alabama

---

**4.** Subsection (a)(2) to Rule 24 provides:

"Upon timely application anyone shall be permitted to intervene in an action: ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

**5.** Haas's proposed complaint-in-intervention ¶¶ 14 & 15 (attached to his motion to intervene filed on September 21, 1994, (Doc. no. 131)).

**6.** *Id.* at p. 4.

**7.** *Id.* at ¶ 16.

**8.** Haas's brief filed on October 7, 1994, at 11 (Doc. no. 197).

Mental Health and Mental Retardation System. The critical question instead is whether this interest is not being already adequately pursued and litigated by the current parties to this lawsuit. Haas divides his interest—which, of course, he asserts on behalf of his daughter—into the following three parts: (1) his daughter's interest in remaining a resident at the Partlow facility, because only Partlow can provide effective and adequate habilitation for her and similarly situated profoundly retarded and mentally incompetent persons; (2) her interest in having the defendants maintain and improve the Partlow facility and habilitation programs; and (3) her right to participate directly in the decision-making process that materially affects her own future.

■ It is apparent from Haas's brief in support of his motion to intervene that his principal concern is that the defendants not be allowed to close Partlow and that his daughter be allowed to remain a patient there indefinitely. Haas challenges the "overall course of conduct" required of the defendants by the 1986 consent decree and by some of the Wyatt standards reaffirmed by that decree.[9] He criticizes the defendants for having entered into the 1986 decree and for having acquiesced to certain court orders rejecting the defendants' efforts to have some of the Wyatt standards modified or eliminated.[10] See, e.g., Wyatt v. King, 811 F.Supp. 1533 (M.D.Ala.1993); Wyatt v. King, 803 F.Supp. 377 (M.D.Ala.1992). In particular, he takes issue with that provision in the 1986 consent decree that requires the defendants "to continue to make substantial progress in placing members of the plaintiff class in community facilities and programs,"[11] and with those Wyatt standards that require that patients receive treatment in the "least restrictive conditions necessary."[12] The validity of any earlier decree or order is simply not at issue in the upcoming litigation. Haas therefore has no right to intervene to challenge these earlier orders.

■ Haas contends next that the plaintiffs and the defendant "may or may not" take the position that Partlow is the "least restrictive setting" for his daughter.[13] Admittedly, the plaintiffs and the defendants are now engaged in a dispute over the defendants' obligation to place patients in the "least restrictive environment" and, where appropriate, in "community facilities." But as to this dispute, Haas has not shown that he has "has anything to contribute to this lawsuit beyond underlining the positions already taken by" the current parties. Bush, 740 F.2d at 357. He suggests that he has "both general and specific proposals with regard to the operation of Partlow by the Defendants, proposals that other Plaintiffs may neither imagine nor support," but he has not identified these proposals.[14] He has therefore not identified a single issue that would not be litigated or single position that would not be advanced in his absence.

This is therefore "not a suit in which no existing party has voiced applicant's con-

9. Id. at 9.

10. Id. at 8 & 9 & nn. 7 & 8.

11. Wyatt v. Wallis, No. 3195-N, 1986 WL 69194, at *7 (M.D.Ala. Sept. 22, 1986).

12. Haas takes issue with the following standards governing the mentally retarded:
(a) the requirement that "no person shall be admitted to the institution unless a prior determination shall have been made that residence in the institution is the least restrictive habilitation setting feasible for that person" (Standard II–3(a));
(b) the requirement that "no mentally retarded person shall be admitted to the institution if services and programs in the community can afford adequate habilitation to such person" (Standard II–3(b));
(c) the requirement that each resident's individualized treatment plan shall contain "a statement of the least restrictive setting for habilitation necessary to achieve the habilitation goals of the resident" (Standard III–9(d)), and "criteria for release to less restrictive settings for habilitation" (included in Standard III–9(f)); and
(d) the requirement that the staff member supervising implementation of the treatment plan "shall also be responsible for ensuring that the patient is released when appropriate to a less restrictive habilitation setting" (included in Standard III–11).
Wyatt, 344 F.Supp. at 396–98.

13. Haas's brief filed on October 7, 1994, at 9 (Doc. no. 197).

14. Id. at 11.

cerns," *Bush*, 740 F.2d at 357; "this is not a case where the applicant has a defense not available to the present defendant," *id.*; "this is not a suit in which it is clear that the applicant will make a more vigorous presentation of arguments than existing parties," *id.*; "this is not a suit in which no party views the applicant's claims favorably," *id.*; "this case is more closely aligned with those cases in which courts have determined that the burden of showing inadequacy of representation has not been met." *Id.* Indeed, a review of the record in this lawsuit indicates that the ongoing battle between parties over the issues of "least restrictive environment" and "community placement" is detailed, sincere, and vigorously adversarial; these issues are, if anything, being over-litigated.

■ Haas further complains that the plaintiffs and the defendants may in the future enter into a settlement that is adverse to the interest of his daughter. He states that it is "by no means impossible that the Defendants and ... the Plaintiffs may at some time concur—albeit for significantly different reasons—in denying the desirability (or even the propriety) of maintaining persons in residence at Partlow." [15] "However, the mere possibility that a party may at some future time enter into a settlement cannot alone show inadequate representation." *Bush*, 740 F.2d at 358.

Similarly, Haas has not shown that the current parties are inadequately pursuing his daughter's interest in having the defendants maintain and improve the Partlow facility and habilitation programs. Again, he has not identified a single issue that would not be litigated or single position that would not be advanced in his absence.

Finally, Haas's interest in participating directly in the decision-making process that materially affects his daughter's own future begs the question as to whether the current parties are adequately representing his daughter's interests as to the issues now before the court. As already shown above, the parties are adequately representing her interests.[16]

### B.

■ As stated, Haas also seeks to intervene as a matter of the court's discretion pursuant to subsection (b)(2) of Rule 24.[17] The court has discretion to allow intervention if an applicant can show that (1) the application to intervene is timely and (2) the claim or defense to be asserted and the main action have a question of law or fact in common. *Chiles*, 865 F.2d at 1213. The litigation before the court is a complex class-action lawsuit involving the entire Alabama Mental Health and Mental Retardation System. To allow representatives of all residents who have an interest in this litigation—that is, all representatives—to intervene would render this lawsuit more unmanageable and unnecessarily confusing than it already is.

### C.

It is apparent that the real concern behind Haas's motion is that, in light of past agreements entered into between the parties, he is unwilling to continue to rely on the plaintiffs or the defendants to protect the interests of his daughter, and that he essentially wants to "be able to monitor effectively" for himself

15. *Id.* at 11.

16. Haas suggests that he should be allowed to intervene because none of the named class representatives is a resident of Partlow. Nevertheless, he has still not shown that his daughter's interests are not be adequately pursued; and, at an in-chambers conference on January 6, 1995, he voiced no desire to be a class representative. In any event, the issues of the need for new class representatives and whether the current class representatives need to be replaced are now being separately addressed in motions filed by the defendants. *See* defendants' motion to recertify or modify the plaintiff class, filed on December

22, 1994 (Doc. no. 417), and their supplement to said motion, filed on January 18, 1995 (Doc. no. 456).

17. Subsection (b)(2) of Rule 24 provides in part:

"Upon timely application anyone may be permitted to intervene in an action: ... when an applicant's claim or defense and the main action have a question of law or fact in common. .... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

the actions of the parties.[18]   The court finds no fault with Haas's concern.   As this court has previously stated, the plaintiff class members whose interests are at stake in this litigation are unlikely to be able to "voice" those interests themselves. *Wyatt v. Horsley*, 793 F.Supp. 1053, 1056 (M.D.Ala.1991). In order to recognize and give due consideration to those interests, the court and the parties must look to "such secondary sources as public interest organizations, former mental patients, and family members and caregivers who have day-to-day contact with class members in the state's institutions." *Id.* Therefore, although it is not feasible that Haas and other similarly concerned family members, caregivers, and guardians all be made parties to this litigation, their close monitoring of this litigation, including the actions of the plaintiffs and the defendants, is encouraged and welcomed by the court.

Accordingly, it is ORDERED that the motion for leave to intervene, filed on September 21, 1994, by William Edward Haas, as next friend and legal guardian of his daughter, is denied.

---

**18.**   Haas's brief filed on October 7, 1994, at 10   ·   (Doc. no. 197).