**JAMES CITY COUNTY, VIRGINIA, Plaintiff,**

**v.**

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and United States Army Corps of Engineers, Defendants,**

**and**

**Southern Environmental Law Center, National Wildlife Federation, and Virginia Wildlife Federation, Applicants for Intervention.**

**Civ. A. No. 89–156–NN.**

United States District Court, E.D. Virginia, Newport News Division.

Feb. 8, 1990.

William B. Ellis, Bryan G. Redd, McSweeney, Burtch, and Crump, P.C., Richmond, Va., for plaintiff.

Susan L. Watt, Asst. U.S. Atty., Norfolk, Va., Craig B. Shaffer, Environmental Defense Section, Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

David W. Carr, Jr., Southern Environmental Law Center, Charlottesville, Va., for applicants for intervention.

## MEMORANDUM ORDER

MacKENZIE, Senior District Judge.

This matter comes before the Court on the application of Southern Environmental Law Center ("SELC"), National Wildlife Federation ("NWF"), and Virginia Wildlife Federation ("VWF") (collectively "the applicants") to intervene as defendants in the pending case. For the reasons stated below, the application for intervention is DENIED.

James City County filed the present action to review the decision of the United States Environmental Protection Agency ("EPA") to "veto" the decision of the United States Army Corps of Engineers to issue a permit for the creation of the Ware Creek Reservoir. James City County seeks to overturn EPA's veto so that the reservoir project may proceed.

Although the extent of the applicants' participation in the administrative process is not entirely clear, it is settled that the

applicants did not submit comments on the draft environmental impact statement. The SELC did submit comments on the Corps of Engineers' final impact statement and submit comments to EPA. VWF's only participation in the administrative process relates to a letter submitted to EPA during its veto consideration. Likewise, NWF's participation was limited to comments submitted to EPA. Nevertheless, the applicants seek to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure to defend the position of EPA denying the creation of the Ware Creek Reservoir.

Rule 24 allows for intervention based either on intervention of right (Rule 24(a)) or permissive intervention (Rule 24(b)). The applicants assert that they satisfy the requirements of both Rule 24(a) and (b); therefore, the Court will address the requirements of both subdivisions *seriatim.*

■ To qualify for intervention of right, Rule 24(a)(2), an intervenor must meet a three-part test. "[T]he moving party must show that (1) it has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (3) that interest is not adequately represented by the existing parties." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir.1986) (citing *Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir.1981)). Assuming, without deciding, that the applicants have an interest in the subject matter and that interest would be impaired by the disposition of this action, the applicants have failed to establish that their interest would not be adequately represented.

■ As the Fourth Circuit has stated, "[w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir.1976). Some courts have even enlarged the pre-

sumption in cases involving governmental bodies. "Adequacy can be presumed when the party on whose behalf the applicant seeks intervention is a governmental body or officer charged by law with representing the interests of the proposed intervenor." *Keith v. Daley*, 764 F.2d 1265, 1270 (7th Cir.1985). *See also United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968 (2d Cir.1984). Yet, the Court notes that the applicants' "burden of showing an inadequacy of representation is minimal." *Westinghouse*, 542 F.2d at 216 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538, 92 S.Ct. 630, 636, 30 L.Ed.2d 686 (1971)). Nonetheless, the Court finds that the applicants have not met their burden.

In this case, EPA has continually asserted the position of the applicants, even prior to the applicants becoming involved in the administrative process. The applicants have failed to show any adversity of interest, collusion, or nonfeasance on the part of EPA. To the contrary, the applicants have fully supported the arguments of EPA to this point. Their only concerns are that EPA had a "national" perspective, while the applicants maintain a "local" perspective, and that the Corps of Engineers may ultimately persuade EPA to issue the permit. The Court finds these propositions to be insufficient to support a claim of inadequate representation. Thus, intervention of right is DENIED.

■ Absent intervention of right, the applicants assert that they are eligible for permissive intervention, pursuant to Rule 24(b)(2). Permissive intervention may be allowed "when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b).

Assuming, without deciding, that the applicants assert a claim or defense common to the main action, intervention should not be allowed if it would unduly delay or prejudice the original parties. As the Fourth Circuit has noted, the most impor-

tant consideration in a claim for permissive intervention is whether the original parties will be prejudiced. *See Hill v. Western Elec. Co., Inc.*, 672 F.2d 381, 386 (4th Cir. 1982). Although the applicants have agreed to be represented by one counsel and to file joint papers, the plaintiff would be left fighting fires on two fronts. Clearly, the plaintiff would be prejudiced by the entry of the applicants into the present action. Given that this matter centers on review of the administrative process, there appears little that the applicants could add to the existing record at this time. Therefore, in the court's discretion, the Court DENIES the applicants' request for permissive intervention.

It is so ORDERED.