**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAUL JOSEPH DUGGAN,
Plaintiff-Appellant,

v.                                                                                    No. 95-2242

WAYNE M. EVERD,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CA-93-2740-HAR)

Submitted: November 21, 1995

Decided: April 1, 1996

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Paul Joseph Duggan, Appellant Pro Se. Henry Richard Duden, III,
Annapolis, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul Joseph Duggan appeals from a district court order imposing sanctions against him and denying his Fed. R. Civ. P. 60(b) motion for reconsideration of an order dismissing his complaint for failure to respond to a show-cause order. We affirm the order with respect to the denial of reconsideration. We vacate the order, however, with regard to the imposition of sanctions and remand the matter for further proceedings.

Duggan filed this diversity action against Defendant Everd for malicious prosecution. Duggan, however, failed to respond to a district court order requiring him to show how he met the amount-in-controversy requirement of 28 U.S.C. § 1332(a) (1988), and the district court dismissed the action. Although the district court failed explicitly to consider the factors guiding decisions to dismiss for failure to prosecute, Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), the error was harmless. Duggan was personally responsible for the failure; the Defendant was prejudiced in preparing a defense; Duggan had a history of dilatoriness with respect to his interactions with Everd in a collateral matter; and, because Duggan was an attorney and knew the consequences of a failure to respond, it is likely that no sanction less drastic than dismissal was appropriate. The initial order dismissing the complaint was not fatally erroneous, and Duggan failed to proffer an acceptable basis under Fed. R. Civ. P. 60(b) for reconsideration of the order. Therefore, we affirm the district court order with respect to the denial of reconsideration of the dismissal order.

The district court erred, however, in ordering sanctions. We review the decision for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 400-01 (1990). The district court here abused its discretion by refusing to consider legal constraints on its decision. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1990). Although the district court itself properly noted that the language of Rule 11 plainly forbids payment of sanctions to opposing parties except on motion of the parties, Fed. R. Civ. P. 11(c)(2), the court here initiated the sanctions on its own through a show-cause order and ordered the resultant

2

sanctions be paid to Defendant. This was error, and we vacate the order on that basis.

Thus, we affirm the district court order with respect to the denial of reconsideration of the initial dismissal order. We vacate the order and remand the action, however, with regard to the imposition of sanctions. We decline Duggan's invitation to address in this case the issue of imposition of a supervisory rule regarding the filing of Rule 11 motions and orders only prior to the entry of a final order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

3