**Patricia BRAGG, et al., Plaintiffs,**

v.

**Dana ROBERTSON, et al., Defendants.**

**No. CIV.A.2:98–0636.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Dec. 2, 1998.

Joseph M. Lovett, Mountain State Justice, Charleston, WV, James M. Hecker, Trial Lawyers for Public Justice, Washington, DC, Patrick C. McGinley, Morgantown, WV, Suzanne M. Weise, Morgantown, WV, for Plaintiffs.

Michael L. Keller, Assistant U.S. Attorney, Charlestown, WV, Rebecca A. Betts, U.S. Attorney, Charlestown, WV, Lois J. Schiffer, Assistant Attorney General, Steven E. Rusak, U.S. Dept. of Justice, Environmental & Natural Resources Division, Environmental Defense Section, Washington, DC, Ruth Ann Storey, U.S. Dept. of Justice, Environmental & Natural Resources Division, General Litigation Section, Washington, DC, Thomas L. Clarke, William E. Adams, Jr., Craig B. Giffin, W.V. Division of Environmental Protection, Office of Legal Services, Charlestown, WV, Russell M. Hunter, W.V. Division of Environmental Protection, Office of Mining & Reclamation, Nitro, WV, Roger A. Wolfe, Robert G. McCluskey, James R. Snyder, W. Warren Upton, M. Shane Harvey, Jackson & Kelly, Charlestown, WV, W. Henry Lawrence, IV, Robert D., Pollitt, Richard L. Lewis, Steptoe & Johnson, Charlestown, WV, for Defendants.

## ORDER GRANTING MOTION TO RECONSIDER AND MOTION TO INTERVENE

HADEN, Chief Judge.

Pending is the motion to reconsider the Court's Order denying the motion to intervene filed by Western Pocahontas Properties Limited Partnership ("Western Pocahontas") and National Council of Coal Lessors, Inc. ("National Council") (collectively "Movants"). Plaintiffs have failed to respond and the Court considers the motion ripe for review. After careful consideration, the Court **GRANTS** the motion.

### I. DISCUSSION

#### A. *Procedural Posture of the Motion.*

Although Movants state the motion is made under *Rule* 59(e) of the *Federal Rules of Civil Procedure, Rule* 59(e) may not be used because the Order at issue is an interlocutory order. *See Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1469–70 (4th Cir.1991).

█ Nonetheless, the Court retains power to amend interlocutory orders to achieve

complete justice. "An interlocutory order is subject to reconsideration at any time prior to entry of a final judgment." *Id.* at 1469. Our Court of Appeals has recognized such a motion may be brought properly under *Rule* 54(b). *Id.* at 1470.

It is less clear under exactly what standards a court reviews a motion to amend raised under *Rule* 54(b). *See id.* at 1470, 1472. Following the instruction of *Fayetteville Investors*, the Court is guided by the general principles of *Rules* 59(e) and 60(b), but does not scrutinize Movants' motion under those Rules' strictures.

### B. Movants' Substantive Arguments

Western Pocahontas and National Council move to intervene as of right under *Rule* 24(a) of the *Federal Rules of Civil Procedure* . Movants represent their interests are, first, protectable and, second, unique because they own or lease coal mineral rights and land in West Virginia that are currently being surface mined or will be surface mined in the future pursuant to their lessees' permits. .

■ The Fourth Circuit has held that, to intervene as a matter of right, a movant must show " 'interest, impairment of interest, and inadequate representation.' " *In re Sierra Club,* 945 F.2d 776, 779 (4th Cir.1991) (quoting *Gould v. Alleco, Inc.,* 883 F.2d 281, 284 (4th Cir.1989), *cert. denied,* 493 U.S. 1058, 110 S.Ct. 870, 107 L.Ed.2d 953 (1990)). The Court finds Movants have met the first two requirements. " '[T]he application satisfies Rule 24(a)'s third requirement if it is shown that representation of its interest "may be" inadequate.' " *Id.* (quoting *United Guar. Residential Ins. Co. v. Philadelphia Savings Fund Soc'y,* 819 F.2d 473, 475 (4th Cir.1987) (quoting *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972))). "Although the applicant's burden of showing inadequate representation is minimal, 'it cannot be treated as so minimal as to write the requirement completely out of the rule.' " *Edwards v. City of*

*Houston,* 78 F.3d 983, 1005 (5th Cir.1996) (quoting *Bush v. Viterna,* 740 F.2d 350, 355 (5th Cir.1984)).

■ The Fourth Circuit has held that "when the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Virginia v. Westinghouse Elec. Corp.,* 542 F.2d 214, 216 (4th Cir.1976). This rule has been applied many times by district courts in our Circuit. *See, e.g., Dairy Maid Dairy, Inc. v. United States,* 147 F.R.D. 109, 112 (E.D.Va. 1993); *James City County, Virginia v. United States Environmental Protection Agency,* 131 F.R.D. 472, 474 (E.D.Va.1990); *Brock v. McGee Brothers Co., Inc.,* 111 F.R.D. 484, 486–87 (M.D.N.C.1986). Several other circuits have similar presumptions. *See, e.g., Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of Interior,* 100 F.3d 837, 845 (10th Cir.1996); *Northwest Forest Resource Council v. Glickman,* 82 F.3d 825, 838 (9th Cir.1996); *Edwards v. City of Houston,* 78 F.3d 983, 1005 (5th Cir.1996); *Moosehead Sanitary District v. S.G. Phillips Corp.,* 610 F.2d 49, 54 (1st Cir.1979).

■ Here, Movants and the Associations have the same ultimate objective, preserving the status quo in the administration of coal mining regulations, such that the presumption of adequate representation arises. Movants raise a defense not raised in the Associations' Answer,[1] the defense that the relief sought by Plaintiffs constitutes an unconstitutional "taking."[2] Thus, unlike *Westinghouse* itself, Movants raise arguments not raised by the current parties, supporting Movants' argument that its interests diverge from the Associations' interests.

Furthermore, even aside from raising a different defense, Movants demonstrate adversity of interest. Movants attach affidavits

---

1. The Court finds Movants' proposed Answer is, for the most part, remarkably similar to the Associations' Answer. Generally, this finding would support the Court's denial of the motion to intervene, especially when considered with the

findings stated in the Court's October 14, 1998 Order.

2. The Court makes no determination as to the validity of Movants' takings defense.

of the Associations' presidents, stating the Associations' primary purpose for intervention was to protect the interests of its members regarding the mining process and not regarding property rights. The affidavits further state:

> The differing interests between the members of the [Association] and the lessors of coal properties and mineral rights may result in the [Association], at some point in the present litigation, espousing a legal position in this action that is different from and/or adverse to the position of the lessors.

Ex. C, D, Mot. Recons. For that reason, the Associations support Movants' motion to intervene. Consequently, considering these factors, the Court finds and concludes there is an adversity of interest sufficient to rebut the presumption of adequate representation. Once the presumption is rebutted, the burden of demonstrating inadequate representation is "treated as minimal," *Trbovich,* 404 U.S. at 538 n. 10, 92 S.Ct. 630. The Court finds Movant meets the test and may intervene as of right.

As the Associations did in their motion to intervene, Movants indicated their willingness to agree to conditions on their intervention to mitigate Plaintiffs' objections. Accordingly, the Court **ORDERS** Movants to coordinate with the Associations to avoid duplicative discovery, evidence, argument, pleadings, filings, and memoranda where Movants' legal positions or factual presentation is in accord with the Associations'.

In making this determination, the Court considers again the vast importance and potential effects of this case upon the environment and the mining industry of West Virginia. The Court warns, however, that it has no intention of granting all petitions to intervene or allowing non-parties to control the progress of this suit. Instead, especially as the litigation moves forward, the Court will examine carefully any further motions to intervene. Furthermore, to preserve the efficient and orderly conduct of the litigation, the Court **AMENDS** the November 5, 1998 Scheduling Order and **ORDERS** all motions to intervene filed by **December 11, 1998.**

## II. CONCLUSION

Accordingly, the Court (1) **GRANTS** the motion to reconsider; (2) **GRANTS** the motion to intervene; (3) **DIRECTS** the Clerk to file the Answer attached to Movants' motion to intervene; (4) **AMENDS** the November 5, 1998 Scheduling Order; and (5) **ORDERS** all motions to intervene filed by **December 11, 1998.**

The Clerk is directed to send a copy of this Order by **FACSIMILE** and by first class mail to all counsel of record, counsel for Movants to intervene, and any unrepresented parties.